### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ELIZABETH HARRISON, ) | No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| corporation; and UNKNOWN CHICAGO ) | |
| POLICE OFFICERS, in their individual ) | |
| Capacities, ) | |
| ) | **Jury Trial Demanded.** |
| Defendants. | |

### COMPLAINT

**NOW COMES** Plaintiff, Elizabeth Harrison, by and through one of her attorneys, Victor P. Henderson, and complains of Defendants, the City of Chicago, a municipal corporation, and Unknown Chicago Police Officers as follows:

### NATURE OF CASE

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiff asserts claims that arise under the Constitution and laws of the United States, and other claims that are so related to

1

claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Northern District of Illinois.

## THE PARTIES

4.      At all relevant times, Plaintiff Elizabeth Harrison ("Mrs. Harrison") was a resident of the Northern District of Illinois.

5.      At all relevant times, Defendant Unknown Chicago Police Officers ("Defendant Officers") served as Chicago Police Officers and acted under the color of law and in the course and scope of their employment with the City of Chicago as sworn law enforcement officers.

6.      At all relevant times, Defendant City of Chicago was a municipal corporation incorporated under the laws of the State of Illinois. Defendant City of Chicago operates the Chicago Police Department and is the Defendant Unknown Officers' principal employer.

## FACTS

7.      On March 18, 2016, Mrs. Harrison, an 82 year old widow and great-grandmother, was enjoying a quiet morning at home by herself.

8.      While Mrs. Harrison was sipping a cup of coffee and eating a donut at her kitchen table, the Defendant Officers burst through her front door, damaging it.

9.      The Defendant Officers immediately pointed their guns at Mrs. Harrison and yelled at her to put her hands up.

2

10.     Mrs. Harrison feared for her life.

11.     Mrs. Harrison began to shake and felt like she was having a heart attack.

12.     Mrs. Harrison began to hyperventilate.

13.     A Defendant Officer then called for an ambulance.

14.     While Mrs. Harrison was shaking and hyperventilating, Defendant Officers interrogated her about a man whom she did not know.

15.     The Defendant Officers continued to press her with questions despite Mrs. Harrison's physical condition and insistence that she did not know this man.

16.     It was later determined that the Defendant Officers had a warrant for this man, but the warrant erroneously showed that he lived at Mrs. Harrison's address.

17.     The Defendant Officers searched Mrs. Harrison's home.

18.     Mrs. Harrison was rushed to Roseland Hospital by ambulance.

19.     She remained at the hospital for five days, where doctors monitored her heart.

20.     Due to the scare, Mrs. Harrison suffered a re-aggravation of a pinched nerve down the right side of her body.

21.     Due to this re-aggravation, Mrs. Harrison now has to walk with the assistance of a cane.

22.     Since this incident, Mrs. Harrison also now suffers regular headaches, has trouble sleeping, and lives in constant fear, even in her home.

23. The Chicago Police Department has refused to apologize to Mrs. Harrison.

## COUNT I
## EXCESSIVE FORCE
### (Defendant Officers)

24. Each of the foregoing paragraphs is incorporated as if restated fully herein.

25. At all relevant times, the Defendant Officers were acting under the color of law.

26. The Defendant Officers used excessive force against Mrs. Harrison by pointing multiple guns at her.

27. Because of the Defendant Officers' unreasonable use of force, Mrs. Harrison suffered a scare that: put her in the hospital for five days; re-aggravated a pinched nerve, necessitating the use of a cane; causes her regular headaches; prevents her from being able to sleep; and put her in constant fear.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendant Officers.

B. Award compensatory damages in favor of Plaintiff and against the Defendant Officers.

C. Award punitive damages in favor of Plaintiff and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff and against the Defendant Officers.

E.  Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II
## ILLINOIS STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Officers)

28.  The Defendant Officers' misconduct in pointing multiple guns at Mrs. Harrison was extreme and outrageous.

29.  The Defendant Officers' misconduct in interrogating Mrs. Harrison as she was suffering heart palpitations and hyperventilating was extreme and outrageous.

30.  The Defendant Officers committed the misconduct with knowledge that their actions would cause Mrs. Harrison severe emotional distress.

31.  As a direct and proximate cause of the Defendant Officers' misconduct, Mrs. Harrison suffered and continues to suffer severe emotional distress by: fearing for her life; being in the hospital for five days; now having to walk with a cane; having regular headaches; being unable to sleep; and being in constant fear.

32.  The Defendant Officers' misconduct actually and proximately caused Larsen's severe emotional distress.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against the Defendant Officers.

B. Award compensatory damages in favor of Plaintiff and against the Defendant Officers.

C. Award punitive damages in favor of Plaintiff and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT III
## UNLAWFUL SEIZURE
### (Defendant Officers)

33.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

34.     The Defendant Officers seized Mrs. Harrison's property by damaging her door.

35.     This seizure was objectively unreasonable and was undertaken intentionally with willful indifference to Mrs. Harrison's constitutional rights.

36.     As a result of the Defendant Officers' illegal seizure, Plaintiff suffered financial damages for the repair of her home.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiff and against the Defendant Officers.

B. Award compensatory damages in favor of Plaintiff and against the Defendant Officers.

C. Award punitive damages in favor of Plaintiff and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT IV
## RESPONDEAT SUPERIOR
### (Defendant City of Chicago)

37.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

38.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

39.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should the Defendant Officers be found liable for the Illinois State Law Claim of Intentional Infliction of Emotional Distress as set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT V
## INDEMNIFICATION
### (Defendant City of Chicago)

40.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

41.     Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Chicago.

**WHEREFORE,** should the Defendant Officers be found liable of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains, pursuant to 745 ILCS 10/9-102.

8

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil

Procedure 38(b) on all triable issues.

**DATED:     May 16, 2016**


Respectfully Submitted,


/s/ Victor P. Henderson_____
One of the Attorneys For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901